Argued and submitted February 26,
reversed and remanded September 1, 1982

In the Matter of the Marriage of
HAY,
*Respondent,*
*and*
HAY,
*Appellant.*

(23340, CA A22484)

650 P2d 150

Robert P. VanNatta, St. Helens, argued the cause and filed the brief for appellant. With him on the brief was VanNatta & Petersen, St. Helens.

Stephen D. Petersen, Rainier, argued the cause and filed the brief for respondent.

Before Buttler, Presiding Judge, and Warden and Warren, Judges.

BUTTLER, P. J.

## BUTTLER, P. J.

Mother appeals from an order denying her motion to modify a decree of dissolution to provide for child support for the two minor children of the parties, custody of whom was awarded to mother. The trial court concluded that the circumstances of the parties had not changed sufficiently since the decree to justify a modification.

The parties were married in 1969 and had two children during the marriage. Father obtained a divorce by default; although the decree awarded custody of the children to mother, it did not require father to pay child support. At the time of the decree, father was unemployed and was receiving Navy retirement benefits of $333 per month; at the time of the modification hearing he was receiving retirement benefits of $604 per month.

The dissolution decree awarded father certain real property, free of any interest of mother, but required father to pay mother the sum of $10,000 when the real property was sold. Father sold the real property for approximately $115,000, approximately $30,000 of which was still owing as of the time of the modification hearing. That amount was being paid to father at the rate of $200 per month, plus $2,400 per year, including interest. Father contends that the $10,000 payment to mother on the sale of the real property was intended to be a lump sum payment for child support. It is clear, however, from the language of the decree that the $10,000 payment to mother was for her interest in the real property. We reject father's argument, as did the trial court.

At the time of the modification hearing, father owned a 40-acre farm, which he values at between $120,000 and $130,000, on which there is a mortgage of approximately $80,000. After the divorce, father inherited $43,000, with which he purchased a 43-foot sailboat, on which he owed about $20,000 at the time of the hearing. He also has $5,000 in a savings account; he had no money in the bank at the time of the original decree.

By contrast, at the time of the decree, mother was living with the man who is presently her husband, who at that time was working and was supporting both her and the

children. At the time of the modification hearing, mother was separated from her husband and was employed as a solderer in an electronics plant, earning $150.60 per week net. She was living with a female friend, to whom she was paying $200 per month rent. She had no savings or cash on hand and owned only some miscellaneous household furnishings. Mother testified that her grocery bill is $100 a week. Those expenses for rent and groceries equal her net earnings. Mother further testified that she is unable to buy school clothes for the children.

On this record, we conclude that the deteriorated circumstances of mother since the original decree, coupled with the improved situation of father since that time, constitute a sufficient change of circumstances to justify modifying the decree to require father to pay some child support. This record, however, is not sufficient under *Smith v. Smith,* 290 Or 675, 626 P2d 342 (1981), for us to determine how much child support father should be required to pay.

We reverse and remand the case for a determination under *Smith v. Smith, supra,* the amount of child support father should be required to pay, and to modify the decree accordingly. Costs to appellant.